IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>   Plaintiff,<br><br>   v.<br><br>SARKISYAN,<br><br>   Defendant. | Case No. 15-cr-00234-CRB-15<br><br>**ORDER GRANTING**<br>**COMPASSIONATE RELEASE** |

Tigran Sarkisyan has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Supplemental Brief in Support of Mot. for Early Release (dkt. 1470) at 1. The Court determines that Sarkisyan has satisfied the requirements of that statute and the applicable Sentencing Commission policy statement. Sarkisyan's motion for compassionate release is therefore granted.

18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

"[A]fter considering" the sentencing factors from 18 U.S.C. § 3553(a) "to the extent that they are applicable," a court may grant the motion to reduce the defendant's sentence in one of two circumstances. First, "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). Second, if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or

offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." Id. § 3582(c)(1)(A)(ii).

A reduction in sentence under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after United States v. Booker, 543 U.S. 220 (2005)). Although the statute does not define the term "extraordinary and compelling reasons," the Sentencing Commission has. The application notes to U.S.S.G. § 1B1.3 enumerate five circumstances that establish "extraordinary and compelling reasons" to reduce a defendant's sentence.

The first two relate to the defendant's medical condition. The "extraordinary and compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). It is also satisfied by "a serious physical or medical condition, . . . serious functional or cognitive impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id. § 1B1.13 cmt. n.1(A)(ii). The defendant's age qualifies as a third extraordinary and compelling reason if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. § 1B1.13 cmt. n.1(B). Family circumstances requiring the defendant to care for minor children or a spouse or registered partner are a fourth qualifying reason. Id. § 1B1.13 cmt. n.1(C). Fifth, a catch-all provides for relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. § 1B1.13 cmt. n.1(D).

Sarkisyan has satisfied these requirements. First, both parties agree he has exhausted his

administrative remedies because more than thirty days have lapsed since he emailed the warden at his facility requesting compassionate release. Supplemental Brief in Support of Mot. for Early Release at 2–3; Opp'n (dkt. 1474) at 2–3.

Second, the Court has considered the applicable sentencing factors from 18 U.S.C. § 3553(a) and finds that they are consistent with granting Sarkisyan's motion for compassionate release. Because Sarkisyan has approximately five months left of a fifteen-month sentence, see Judgment (dkt. 1116) at 2; Opp'n at 2, early release is not inconsistent with "the nature and circumstances of the offense and the history and characteristics of the defendant," providing just punishment and adequate deterrence, the applicable sentencing range and policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). Because Sarkisyan is a non-violent offender, early release is consistent with "protect[ing] the public from further crimes of the defendant." See PSR (dkt. 1000) ¶¶ 22–31; see also 18 U.S.C. § 3553(a)(2)(C). And, as discussed in greater detail below, the "need . . . to provide the defendant with needed . . . medical care . . . in the most effective manner" weighs in favor of early release. See 18 U.S.C. § 3553(a)(2)(D).

The Court rejects the Government's argument that the § 3553(a) factors weigh against early release because Sarkisyan's sentence was below the low end of the Guidelines Range. See Opp'n at 10–11. The Court imposed a fifteen-month term of imprisonment because the sentencing factors supported a below-Guidelines, not because it was the minimum sentence consistent with § 3553(a). Nothing about that initial determination forecloses the possibility of a reduced sentence on account of subsequent developments.

Third, "extraordinary and compelling reasons," as defined by the applicable Sentencing Commission policy statement, "warrant . . . a reduction." See 18 U.S.C. § 3582(c)(1)(A)(i). Sarkisyan suffers from a number of "serious physical or medical condition[s]," including hypertensive heart disease, chronic kidney disease, and obesity, from which he "is not expected to recover." See generally Defendant's Supplemental Memorandum Ex. A (dkt. 1483-1); see also U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Court finds that in the context of the COVID-19 pandemic, these medical conditions, which render Sarkisyan uniquely vulnerable to serious illness

if he contracts COVID-19,[1] "substantially diminish[ ]" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii); see also United States v. Perez, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *4 (S.D.N.Y. Apr. 1, 2020). "Confined to a [facility] where social distancing is impossible, [Sarkisyan] cannot provide self-care because he cannot protect himself from the spread of a dangerous and highly contagious virus." Perez, 2020 WL 1546422, at *4.

Nor is the Court persuaded by the Government's point that there have been no reported cases of COVID-19 at USP-Atwater. Opp'n at 9. This statistic is meaningless, given the fact that the facility has not tested any inmates or staff for the virus. See Quiroz Decl. (dkt. 1482-1) ¶¶ 9–12 ("No inmates and no staff members have been tested for COVID-19 at USP-Atwater."). If the Government wishes to argue that early release in this case (or any other case before this Court) is inappropriate because the defendant's facility has no reported cases of COVID-19, that claim must be adequately supported with actual test results from testing conducted by the Bureau of Prisons. This Court does not and will not consider a dearth of testing competent evidence that there are no COVID-19 cases in a given BOP facility.

For the foregoing reasons, Sarkisyan's motion for compassionate release is granted. He is to be released immediately from the custody of the BOP. In addition to the originally imposed conditions of supervised release, Sarkisyan shall be subject to a five-month period of home confinement to commence immediately upon his release. This Order will go into effect at 5:00 PM PDT, May 21, 2020. If the Government wishes to respond to this Order or Sarkisyan's Memorandum in Support of Motion for Compassionate Release (dkt. 1483), it must do so before that time.

**IT IS SO ORDERED.**

Dated: May 19, 2020

CHARLES R. BREYER
United States District Judge

---

[1] Centers for Disease Control and Prevention, People who are at higher risk for severe illness (March 26, 2020), http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.